Case No. 3:20-cv-03390-X

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

In re: Highland Capital Management, L.P.,
*Debtor*.

James Dondero,

*Appellant*,

v.

Highland Capital Management, L.P., *et al.*,

*Appellee*.

On Appeal from the United States Bankruptcy Court for
the Northern District of Texas, Case No. 19-34054
Hon. Stacey G.C. Jernigan, Presiding

**REPLY BRIEF OF JAMES DONDERO**

John T. Wilson IV
Bryan C. Assink
William R. Howell, Jr.
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

**ATTORNEYS FOR APPELLANT JAMES DONDERO**

# TABLE OF CONTENTS

**Page**

**TABLE OF CONTENTS** ...................................................................................1

**TABLE OF AUTHORITIES** ............................................................................2

**INTRODUCTION** ............................................................................................3

**THE SUBJECT 9019 SETTLEMENT AFFORDS JUNIOR INTERESTS PRIORITY OVER SENIOR INTERESTS IN VIOLATION OF THE ABSOLUTE PRIORITY RULE AND THE APPELLANT IS BUT ONE SUCH CASE OF THIS IMPERMISSIBLE TREATMENT** ..............................4

**APPELLEE POINTS TO IMPLIED FACT FINDINGS WHICH ARE NOT SUPPORTED BY EVIDENCE IN THIS RECORD** ................................9

**CONCLUSION & PRAYER** ...........................................................................13

**CERTIFICATE OF SERVICE** .......................................................................14

**CERTIFICATE OF COMPLIANCE** ..............................................................15

# TABLE OF AUTHORITIES

*Czyzewski v. Jevic Holding Corp.,*
 137 S. Ct. 973 (2017) ............................................................................................5, 9

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*
 *v. Anderson,* 390 U.S. 414, 424 (1968) .......................................................5, 6, 12

*SEC v. American Trailer Rentals Co.,*
 379 U.S. 594 (1965) .................................................................................................6

*In re AWECO, Inc.,*
 725 F.2d 293 (5th Cir. 1984) .............................................. 3, 4, 6, 7, 8, 9, 10, 13

*Gibbs & Bruns LLP v. Coho Energy, Inc.*
 *(In re Coho Energy, Inc.),*
 395 F.3d 198, 202-03 (5th Cir. 2004) ..................................................................7

*In re Jackson Brewing Co.,*
 624 F.2d 599, 602 (5th Cir. 1980) .......................................................................12

*In re Boston & Providence R. Corp.,*
 673 F.2d 11, 12 (1st Cir. 1982) ............................................................................13

*Motorola, Inc. v. Official Comm. of Unsecured Creditors*
 *(In re Iridium Operating, LLC),*
 478 F.3d 452, 464-65 (2d Cir. 2007) .................................................5, 6, 8, 9, 10

*Official Comm. of Unsecured Creditors v. CIT Grp./Bus. Credit, Inc.*
 *(In re Jevic Holding Corp.),*
 787 F. 3d 173, 184 (3d Cir. 2015) .....................................................5, 6, 8, 9, 10

*Energy Future Holdings Corp. v. De. Trust Co.,*
 648 Fed. Appx. 277, 283 (3d Cir. 2016) ..............................................................8

*In re Highland Capital Mgmt., L.P.,*
 No. 19-12239 (CSS), Doc. 181, (Bankr. D. Del. Dec. 3, 2019) ...................10, 11

*In re Neshaminy Office Bldg. Assocs.,*
 62 B.R. 798, 804 (E.D. Pa. 1986) .......................................................................12

## INTRODUCTION

While Appellee goes to great length to explain away, justify, or distinguish the bankruptcy court's failures in approving the settlement, Appellee is unable to change the facts: the settlement violates the absolute priority rule, but even if that were not at issue, there is insufficient evidence in the record to support approval of the settlement. Moreover, there is **no** evidence regarding key claims being both released and compromised under the settlement.

Appellee is correct when it says, "[t]o constitute an abuse of discretion, the [bankruptcy] court's decision must be either premised on an application of the law that is erroneous, or on an assessment of the evidence that is clearly erroneous." Brief of Appellee, at 2. Here, the bankruptcy court's order is premised on both. In violation of the standard promulgated by *In re AWECO, Inc.,* 725 F.2d 293 (5th Cir. 1984), the bankruptcy court approved a settlement that is not "fair and equitable" because it violates the absolute priority rule. But even if the settlement were "fair and equitable," the bankruptcy court's record was insufficient for the bankruptcy court to "canvas the issues" under its "quasi-inquisitorial" role to approve the settlement. For these reasons, the law of the Fifth Circuit is clear that reversal and remand is required.

### A. The Subject 9019 Settlement Affords Junior Interests Priority Over Senior Interests in Violation of The Absolute Priority Rule and the Appellant is But One Such Case of this Impermissible Treatment

Appellee entered into a settlement that prejudices other creditors and parties in interest in favor of Mr. Terry and his wholly-owned company, Acis. Under the settlement, both Mr. Terry and Acis receive superior treatment in violation of the absolute priority rule and the Fifth Circuit's "fair and equitable" standard outlined in *AWECO*.[1] While there are other reasons that justify the reversal and remand of the bankruptcy court's order approving the settlement, Appellee's disregard for the law of this Circuit is the most striking and prejudicial to Appellant, other creditors and parties in interest, and the bankruptcy process as a whole.

Appellant made the following argument to the bankruptcy court below:

> Third, as the Fifth Circuit has repeatedly said in *AWECO*, *Cajun Electric*, *AGE Refining*, and other cases, a settlement must be fair and equitable. As the Court is fully aware, fair and equitable is a term of art for the so-called absolute priority rule that requires that senior debt be fully satisfied before there is any return for junior debt. But fair and equitable also brings into play the corollary for the absolute priority rule, and that is that senior debt is only entitled to full payment and not to a greater return, a windfall, that comes at the expense of equal or junior debt or equity.

R. 003069 (argument from D. Michael Lynn); *see also* R. 003070-71.

One example of an absolute priority rule violation causing the Appellant harm is a $355,000 cash payment to an individual (Mr. Terry) on account of an entity's

---

[1] *See* Brief of Appellant, p. 25-28.

**REPLY BRIEF OF APPELLANT JAMES DONDERO**　　　　　　　　　　　　　　　　　　　　　**PAGE 4**

alleged claim which was not filed against the Debtor's estate. (R. 000011, 000035, 002068, 002195, 002210, 006102). The Debtor's representative testified that the Debtor did not have liability for this alleged debt and that the Debtor did not control the entity against whom the debt was asserted. (R.002985, at p. 195:16-17). Because this was not a valid claim against the Debtor's estate, the "claim" is therefore junior to the Appellant's general unsecured claims against the estate. The Debtor's reasons for wanting to make the payment are thus irrelevant – the payment violates the absolute priority rule and renders the settlement impermissible under the law of this Circuit.

This is not a Circuit where, " . . . [when] factors weigh heavily in favor of approving a settlement, the bankruptcy court, in its discretion, could endorse a settlement that does not comply in some minor respects with the priority rule . . . ." *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating, LLC)*, 478 F.3d 452, 464-65 (2d Cir. 2007); *accord Official Comm. of Unsecured Creditors v. CIT Grp./Bus. Credit, Inc. (In re Jevic Holding Corp.),* 787 F. 3d 173, 184 (3d Cir. 2015), *rev'd on other grounds by Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). The Fifth Circuit does not give a bankruptcy court discretion to approve a settlement with even minor deviations from the absolute priority rule:

> With regard to approval of compromises that form part of a plan of reorganization, an even more definite rule limits the exercise of discretion. A court may approve such a compromise or settlement only when it is "fair and equitable." *Protective Committee v.*

> *Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1 (1968); *Matter of Jackson Brewing Co., supra*, 624 F.2d at 602. **The words "fair and equitable" are terms of art – they mean that "senior interests are entitled to full priority over junior ones."** *SEC v. American Trailer Rentals Co.*, 379 U.S. 594, 85 S. Ct. 513, 13 L. Ed. 2d 510 (1965); *Protective Committee v. Anderson, supra*, 390 U.S. at 441, 88 S. Ct. at 1171. If a court approves a settlement as part of a reorganization plan absent reasonable assurance that the settlement accords with the fair and equitable standard, that court has abused its discretion.
>
> The facts of this case pose the following question: **in the period prior to confirmation of a reorganization plan must the bankruptcy court apply the fair and equitable standard** in considering a priority creditor's objections to a settlement?
> . . .
>
> Our understanding of bankruptcy law's underlying policies leads us to make a limited extension of the fair and equitable standard: **a bankruptcy court abuses its discretion in approving a settlement with a junior creditor unless the court concludes that priority of payment will be respected** as to objecting senior creditors.

*AWECO*, 725 F.2d 293, 298 (emphasis added); *contra Jevic*, 787 F.3d at 184 ("The inquiry outlined in *Iridium* better accounts for [settlement] concerns, we think, than does the *per se* rule of *AWECO*"). Because minor deviations from the absolute priority rule are not permitted under the *per se* rule of this Circuit, "the comparatively minimal cash payments in the [s]ettlement[,]" are not permitted. *See* Brief of Appellee, at 24. The $355,000 payment to Mr. Terry alone requires reversal and remand because it is on account of a "claim" junior to Appellant's general unsecured

claims. No amount of fact-finding, implied or otherwise, saves this settlement under the *AWECO* standard.

On this issue, Appellee argues that the Appellant lacks standing to raise this issue because he is not affected by "the comparatively minimal cash payments in the [s]ettlement" which "are nominal within the economics of this case, and were not objected to by any party that would be affected by them[.]" Brief of Appellee, at 24. But the Appellant is a creditor of this bankruptcy estate (R. 2344)[2]; he filed Proof of Claim Nos. 141, 142,[3] & 145; and he is harmed when an interest junior to his receives superior treatment. *See Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, 395 F.3d 198, 202-03 (5th Cir. 2004) (under the "person aggrieved" test, "the appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court'"). As shown below, the Appellant is a "person aggrieved" by this settlement because it affords junior interests priority over senior ones. *See AWECO*, 725 F.2d at 298. And, regardless, the absolute priority rule deviations in this settlement are not as *de minimis* as the Debtor implies in its brief. Together, the three additional Terry claims result in direct payments to Terry of nearly $900,000 which are paid *immediately* upon the Effective Date, not *pro rata*

---

[2] *See also* Brief of Appellee, at 39.

[3] *See also* (R.306) James Dondero's Objection to Debtor's Proposed Assumption of Executory Contracts [Docket No. 1784].

and piecemeal over time as is the case with general unsecured creditors, who receive payment at an undetermined point in the future as the Debtor "monetizes" its remaining assets (R. 2133, 2148, 2151).[4] General unsecured creditors were impaired under the Debtor's first plan filed in September 2020 and were to be paid less than 100% on account of their claims (R. 220, 2049).[5] Now, months later, when estimated recoveries under the Debtor's confirmed Fifth Amended Plan are to be even less, the favored treatment to Mr. Terry is even more striking (R. 264, 310, 320, 323, 328).[6]

The Appellee explicitly tries to push this Court to deviate from the *AWECO* standard by relying on a 2016 decision from the Third Circuit which preferred *Iridium* to *AWECO*. Brief of Appellee, at 39 (citing *Energy Future Holdings Corp. v. De. Trust Co.*, 648 Fed. Appx. 277, 283 (3d Cir. 2016) ("As we observed in *In re Jevic Holding Corp.*, 787 F.3d 173 (3d Cir. 2015) . . . core bankruptcy principles,

---

[4] "Following the Effective Date, the Claimant Trust will administer the Claimant Trust Assets pursuant to this Plan and the Claimant Trust Agreement. The Reorganized Debtor will administer the Reorganized Debtor Assets and, if needed, with the utilization of a Sub-Servicer, which administration will include, among other things, managing the wind down of the Managed Funds. The Reorganized Debtor will distribute all proceeds from the wind down to the Claimant Trust, as its limited partner, and New GP LLC, as its general partner, in each case in accordance with the Reorganized Limited Partnership Agreement. Such proceeds, along with the proceeds of the Claimant Trust Assets, will ultimately be distributed to the Claimant Trust Beneficiaries as set forth in this Plan and the Claimant Trust Agreement." (R. 2151).

[5] *See* Liquidation Analysis [Docket No. 1173-1], p. 4 of 8, filed on October 15, 2020.

[6] *See* Debtor's Amended Disclosure Statement [Docket No. 1473], Order Approving Disclosure Statement [Docket No. 1476] Fifth Amended Plan (as Modified) [Docket No. 1808], and Plan Supplement [Docket No. 1875], p. 4 of 8 (showing estimated recoveries to general unsecured creditors of 71.32% as of February 1, 2021). *See also* Order Confirming Fifth Amended Plan [Docket No. 1943].

such as the absolute priority rule . . . which apply in the plan confirmation process, are not categorically applied in the settlement context. Instead, we adopted a flexible approach that permits the approval of settlement that may not comply with such rules . . . "). This Court should reject Appellee's attempt apply a different circuit's standard here. The Fifth Circuit's *AWECO* standard applies; it has been good law for almost four decades; and the more permissive 2007 *Iridium* standard pushed by Appellee is gradually being eviscerated by the Supreme Court.[7] But even if the *AWECO* standard did not apply to this matter, the bankruptcy court's implied fact findings claimed by the Appellee do not satisfy the more permissive *Iridium* standard.

### B. Appellee Points to Implied Fact Findings Which are Not Supported by Evidence in This Record

Although the settlement patently fails the Fifth Circuit's *AWECO* standard, the record before the bankruptcy court also lacked evidence to support approval of the settlement under a more permissive standard.

The Appellee correctly states that, "[a] reviewing court may assume that the trial court made an implied finding consistent with its general holding so long as the implied finding is supported by evidence." Brief of Appellee, at 2. Here, however,

---

[7] *See Jevic*, 137 S. Ct. 973 (2017 reversal of Third Circuit's 2015 support of *Iridium* by *Jevic,* 787 F. 3d 173, but with an opinion limited to structured dismissals such that the *Iridium* standard is not yet fully eliminated).

the record lacks evidence to support the purported fact findings Appellee suggests were made by the bankruptcy court.  To distract from this issue, Appellee cites the bankruptcy court's familiarity with proceedings in a *different* bankruptcy case as supporting the bankruptcy court's holding in approving the settlement in *this* case. Brief of Appellee, p. 2-8, 36.  But this is improper and something which Judge Sontchi in Delaware (the initial bankruptcy judge assigned to this Bankruptcy Case) explicitly eschewed when considering transferring this bankruptcy case to Dallas:

> THE COURT: Yeah, I was going to say that's kind of an
> 16 interesting argument, because actually it assumes Judge
> 17 Jernigan's going to ignore the rules of evidence in making
> 18 factual findings, because you're limited to the record before
> 19 you on a specific motion. And what fact you may have learned
> 20 with regard to something a person has done, maybe that goes
> 21 into questions of credibility on cross-examination or direct
> 22 testimony, but to actually base your decision on a fact that's
> 23 not in the record for the specific proceeding would be
> 24 improper.

*In re Highland Capital Mgmt., L.P.,* No. 19-12239 (CSS), Doc. 181, at 90 of 137 (Bankr. D. Del. Dec. 3, 2019) (R. 57, 77).

Appellee must resort to this argument because the record within this specific proceeding does not support the bankruptcy court's holding in approving the settlement – even under a more permissive standard than *AWECO*. *Compare AWECO,* 725 F.2d 293, *to Iridium*, 478 F.3d 452, *and Jevic,* 787 F.3d 173. But under the Federal Rules of Evidence, the entirety of the record before the bankruptcy court on the 9019 Motion does not by default or extension include

matters in an entirely different bankruptcy case – especially when there is no specificity or notice as to what is impliedly being incorporated into the record. *See Highland,* No. 19-12239 (CSS), Doc. 181, at 90 of 137 (Sontchi, J.) ('. . . but to actually base your decision on a fact that's not in the record for the specific proceeding would be improper . . .").

In this case, the bankruptcy court lacked substantive, specific evidence that was necessary for it, as the "gatekeeper," to determine whether the approval of the settlement was justified. Among other things, the record is devoid of evidence relating to Highland's claims against Acis[8] and the factual and legal basis and amount of those claims that were released under the settlement.[9] Because these claims involve substantive evidentiary matters, they must be in the record to be

---

[8] The Debtor asserts that Highland's claims against Acis are in the record because they were "discussed" in Acis's Second Amended Complaint that is incorporated into the proof of claim. Brief of Appellee, at 34. But that is not accurate. All that is included in the complaint is a one-sided, generalized and incomplete summary of Highland's claims from the opposing party's (Acis) point of view, which is largely irrelevant to what the legal and factual bases of Highland's claims against Acis actually are. The Highland claims themselves remain outside of the record and no testimony was put forth to discuss the basis and merits of those claims. *See* Hearing Transcripts at R.2791-3094. Moreover, the Acis Claim itself is based *only* on its own alleged damages (i.e., $75 million), with no included offset, credit, or discount for any of Highland's pending claims against Acis (R. 2353) ("Acis's claim against the Debtor, as of the Petition Date, consistent of at least $75,000,000. . . ."). Accordingly, there is no evidence in the record as to the value of Highland's claims against Acis or the legal or factual underpinnings of those claims being released under the settlement. The fact that the *adjudication* of Highland's claims was incorporated into the same proceeding as the Second Amended Complaint underlying the Acis Claim is thus irrelevant.

[9] The record is also largely devoid of the factual and legal underpinnings underlying the three smaller payments being made to Mr. Terry and Acis under the settlement. *See* Brief of Appellant, p. 25-28.

---

considered. And without evidence in the record on these claims, there is an insufficient foundation for the bankruptcy court to have approved the settlement. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 804 (E.D. Pa. 1986) ("However, it is not clear from the record that either the trustee or the Bankruptcy Court assessed the value of the rights which NOBA would relinquish under the settlement. It may be that the small sum which the trustee agreed to accept in settlement of this claim is truly indicative of the value of NOBA and FAMCO's rights, because of the likelihood of success in litigating the claim or for some other reason. But the record does not provide a sufficient basis for that conclusion.").[10] Even if the bankruptcy court wanted to take judicial notice of matters contained in the separate *Acis* case, there is no specificity in the record as to what was being judicially noticed. The bankruptcy court failed in its role as the independent gatekeeper and should have closely scrutinized the proposed settlement to ensure that the settlement was fair and equitable to all creditors and parties in interest.

---

[10] The Debtor asserts in its brief that Mr. Dondero did not raise the issue below. As an initial matter, it is the bankruptcy court's duty—regardless of whether a creditor objects or participates in a hearing—to independently assess the merits of a proposed settlement. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Nevertheless, Mr. Dondero did raise these issues numerous times before the bankruptcy court by, among other things, filing a response requesting that the court "independently assess the merits of the proposed settlement" as required under Fifth Circuit precedent (R. 2340-2349). *See In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). Mr. Dondero also repeatedly asserted, in his pleadings and during the hearing, that the settlement agreement as a whole was not reasonable or fair and equitable and discriminated against other creditors and parties in interest. The fact that Highland was releasing *all* of its claims against Acis, while giving Acis and Terry preferable treatment and large claims to which they were not entitled, factored into that. (R.2340-2349, 3069-3071).

## CONCLUSION AND PRAYER

For the reasons set forth above and in Appellant's Opening Brief, this Court should reverse and remand the order approving settlement. Appellee did not meet its burden to show that the settlement is "fair, equitable, and in the best interest of the estate," regardless of whether the *AWECO* standard is used. The bankruptcy court, in turn, did not play the appropriate "quasi-inquisitorial" role in checking the Appellee's aims and in confirming that *all* aspects of the settlement were fully evaluated and in compliance with Fifth Circuit law. *See In re Boston & Providence R. Corp.*, 673 F.2d 11, 12 (1st Cir. 1982) (" . . . the supervising court must play a quasi-inquisitorial role, ensuring that all aspects of the reorganization are 'fair and equitable'"); *accord AWECO*, 725 F.2d 293, 298. Even if the record had been properly developed and the bankruptcy court had made fact-findings required to deviate from the absolute priority rule under the law of *other* circuits, this settlement is impermissible as a matter of law under the Fifth Circuit's *AWECO* standard. This Circuit does not give bankruptcy courts the discretion to deviate from the absolute priority rule. While the contentious color and complexity of this case urge resolution, the law of this Circuit requires reversal and remand.

Dated: May 19, 2021          Respectfully submitted,

                                        */s/ William R. Howell, Jr.*
                                        John T. Wilson IV
                                        TX 24033344 *(Admitted N.D. Tex.)*
                                        Bryan C. Assink
                                        TX 24089009 *(Admitted N.D. Tex.)*
                                        William R. Howell, Jr.
                                        NY 5091269 *(Admitted N.D. Tex.)*
                                        BONDS ELLIS EPPICH SCHAFER JONES LLP
                                        420 Throckmorton Street, Suite 1000
                                        Fort Worth, Texas 76102
                                        (817) 405-6900 telephone
                                        (817) 405-6902 facsimile
                                        Email: john.wilson@bondsellis.com
                                        Email: bryan.assink@bondsellis.com
                                        Email: william.howell@bondsellis.com

                                        **ATTORNEYS FOR APPELLANT JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on May 19, 2021, this document was filed via the Court's CM/ECF system, which automatically provides notice to registered interested parties.

                                        */s/ William R. Howell, Jr.*
                                        William R. Howell, Jr.

## CERTIFICATE OF COMPLIANCE WITH RULE 8015

This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B)(ii) as it contains 3,202 words, excluding the portions of the document exempted by Fed. R. Bankr. P. 8015(g).

/s/ William R. Howell, Jr.
William R. Howell, Jr.